UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEMOS P. DEMOPOULOS, LOUIS
ABRAMSON and ROBERT PATRIZIO, as
Trustees and Fiduciaries of the LOCAL 584
PENSION TRUST FUND,

         and                                       COMPLAINT

DEMOS P. DEMOPOULOS, LOUIS
ABRAMSON and ROBERT PATRIZIO, as
Trustees and Fiduciaries of the LOCAL 584
WELFARE TRUST FUND,

         and

DEMOS P. DEMOPOULOS,
DANIEL J. GATTO and LAWRENCE CUOMO,
as Trustees and Fiduciaries of the MILK
INDUSTRY OFFICE EMPLOYEES PENSION
TRUST FUND,

                             Plaintiffs,

         - against -

SWEET CLOVER FARMS, INC.

                             Defendant.
-----------------------------------------------------------------X

        The Trustees and Fiduciaries of the Local 584 Welfare Trust Fund (the "Welfare Fund"), the Local 584 Pension Trust Fund (the "Retirement Fund") and the Milk Industry Office Employees Pension Trust Fund (the "Milk Industry Fund") (the individuals named in the caption as trustees of the three benefit funds at issue shall be collectively referred to herein as the "Trustees" or "Plaintiffs," and the Retirement Fund, the Welfare Fund, and the Milk Industry Fund shall be collectively referred to herein as the "Funds"), by their attorneys, Friedman & Anspach, allege as follows:

1

INTRODUCTION

1.      The Trustees bring this action to compel Defendant Sweet Clover Farms, Inc. ("Defendant") to submit unpaid and delinquent contributions for the period from at least October 2014 through August 2015, plus statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorney's fees and costs.

2.      In bringing this action, the Trustees are enforcing the terms of trust agreements governing the Funds (the trust agreement covering the Retirement Fund and the Welfare Fund, the "584 Trust Agreement" and the trust agreement covering the Milk Industry Fund the "Milk Industry Trust Agreement", together, the "Trust Agreements"), as well as the collective bargaining agreement between Defendant and Local 584, I.B.T. ("Local 584" or the "Union").  This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq.  Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreements, and to prevent violations of Section 515 of ERISA, 29 U.S.C. § 1145.

JURISDICTION AND VENUE

3.      This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach took place in this District and Defendant does business in this District.

2

PARTIES

5. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 584, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements. The Funds provide various pension, health and welfare, and other benefits to covered employees, retirees, and their dependents. The Funds are operated pursuant to the terms of Trust Agreements.

6. The Funds' principal office is located at 73 Hudson St., 3rd Floor, New York, NY 10013, within the County of New York and the City of New York.

7. Plaintiffs are the respective Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Upon information and belief, Defendant is a New York corporation that maintains and/or maintained its principal place of business at 156-02 Liberty Ave, Jamaica, NY 11433, and has employed at least one employee covered by a collective bargaining agreement with Local 584.

BACKGROUND

A. COLLECTIVE BARGAINING AGREEMENTS WITH LOCAL 584

9. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 8 as if the same were fully set forth herein.

4827-6732-8551, v. 1

10. At all times material hereto, Defendant has been a party to and bound by collective bargaining agreements with Local 584 covering at least the period from September 1, 2010 through August 31, 2015.

11. Under the collective bargaining agreements, Defendant bound itself to certain terms and conditions governing the employment of its employees and obligated itself to make contributions to the Funds for work performed that was covered by the collective bargaining agreements ("covered employment" or "covered work").

12. The collective bargaining agreements, together with the Trust Agreements, require Defendant to make contributions to the Funds in specified amounts on behalf of employees in covered employment.

13. At all times referred to the allegations herein, Defendant was bound by the Trust Agreements.

14. Article VI of the 584 Trust Agreement, Article V of the Milk Industry Trust Agreement and ERISA authorize the Trustees to bring actions to enforce an employer's obligation to make contribution payments in accordance with the terms and conditions established by the Trustees.

15. Pursuant to the terms of the collective bargaining agreements, Article VI, Section 1 of the 584 Trust Agreement, and Article V, Section 1 of the Milk Industry Trust Agreement , Defendant must submit written reports of hours worked in covered employment each month ("remittance reports"), and must submit contributions reflected in the remittance reports.

B. <u>CONTRIBUTIONS TO THE FUNDS</u>

16. Article VI of the 584 Trust Agreement, Article V of the Milk Industry Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Funds under its collective bargaining agreements with Local 584, including the obligation to make contributions to the Funds.

17. Article VI, Section 3 of the 584 Trust Agreement, Article V, Section 3 of the Milk Industry Trust Agreement, with the sanction of Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), require payment of interest on unpaid contributions at the rate of 18 percent per annum.

18. Article VI, Section 3(c) of the 584 Trust Agreement, Article V, Section 3(c) of the Milk Industry Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), further provide for payment of the greater of liquidated damages in an amount equal to 20 percent of unpaid contributions or an amount equal to the interest on unpaid contributions.

19. Article VI, Section 3(a) of the 584 Trust Agreement, Article V, Section 3(a) of the Milk Industry Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), also provide that in an action to collect delinquent contributions the Court shall award reasonable attorneys' fees and costs and such other and further equitable relief as the Court deems appropriate.

C. DELINQUENT CONTRIBUTIONS

20. Defendant has failed to submit contributions for the period from at least October 2014 through August 2015. For the period from October 2014 through August 2015,

Defendant has failed to pay contributions on behalf of its employees to the Welfare Fund in the amount of $78,971.47; to the Retirement Fund in the amount of $47,936.80; and, to the Milk Fund in the amount of $4,719.38. The total amount of contributions owed is $131,627.65.

## FIRST CAUSE OF ACTION

21. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 as if the same were fully set forth herein.

22. Upon information and belief, at all times material hereto, Defendant has employed at least one employee who performed covered work.

23. The collective bargaining agreements require Defendant to report and contribute specified amounts of money to the Funds on behalf of individuals who performed covered work.

24. The Funds rely upon Defendant to make the proper contributions required by the collective bargaining agreements in order to provide benefits to their employees in accordance with the rules and regulations established by the Trustees of the Funds.

25. The Trust Agreements authorize the Trustees to bring court actions to enforce an employer's obligations to make contributions in accordance with the terms and conditions established by the Trustees.

26. At all times relevant to the allegations herein, Defendant has been bound by the Trust Agreements.

27. Any failure by Defendant to pay contributions to the Funds promptly when due is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the

4827-6732-8551, v. 1


plan or under the terms of the collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

28. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: unpaid contributions; interest on the unpaid contributions at the rate of 18% per annum; an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; reasonable attorneys' fees and costs of the action; and such other relief as the Court deems appropriate.

29. Defendant is liable for a total of $131,627.65 in delinquent contributions, plus interest on the delinquent contributions at the rate of 18% per annum; plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus reasonable attorney's fees and costs.

30. By letter dated August 12, 2015, Funds' counsel sent a letter to Defendant, demanding payment of the delinquent contributions and interest. Defendant failed to pay.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. <u>On the First Cause of Action:</u>

(1) An Order holding Defendant liable for payment of all unpaid benefit fund contributions owed pursuant to the collective bargaining agreements, the Trust Agreements, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145, in the amount of at least $131,627.65;

(2) An Order holding Defendant liable for payment of interest on all delinquent contributions at the rate of eighteen percent (18%) per annum, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) An Order holding Defendant liable for payment of the greater of additional interest at the rate of 18 percent (18%) per annum, or liquidated damages equal to twenty percent (20%) of unpaid contributions, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) An Order holding Defendant liable for payment of an award of all costs and disbursements, including, but not limited to, reasonable attorneys' fees, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(5) Such other and further equitable relief as this Court deems appropriate.


Dated: October 27, 2015
      New York, New York

By:    /s/
     Anusha Rasalingam (AR-1732)
     FRIEDMAN & ANSPACH
     1500 Broadway, Suite 2300
     New York, New York 10036
     (212) 354-4500
     arasalingam@friedmananspach.com

     Attorneys for Plaintiffs

4827-6732-8551, v. 1